**David L. VanDerVEER,
Plaintiff–Appellant,**

v.

**UNITED PARCEL SERVICE, INC., International Brotherhood of Teamsters, Warehousemen and Helpers of America, Local 20, Defendants–Appellees.**

No. 93–3550.

United States Court of Appeals, Sixth Circuit.

Argued April 28, 1994.

Decided June 8, 1994.

Randolph H. Freking (briefed), Susan M. Sauter (argued), Freking & Betz, Cincinnati, OH, for plaintiff-appellant.

Rolf Scheidel (argued and briefed), Shumaker, Loop & Kendrick, Toledo, OH, for United Parcel Service, Inc.

Jeffrey Julius (briefed), John M. Roca (argued and briefed), Gallon & Takacs, Toledo, OH, for Intern. Broth. of Teamsters, Warehousemen and Helpers of America, Local 20.

Before: GUY and NELSON, Circuit Judges, and QUIST, District Judge *.

QUIST, District Judge.

Plaintiff–Appellant David L. VanDerVeer appeals a district court decision in a wrongful discharge case granting summary judgment to defendants, which included his employer, United Parcel Service, Inc. (UPS) and his union, Teamsters Local 20. VanDerVeer brought this action under Section 301 of the Labor Management Relations Act. 29 U.S.C. § 185(a). The lower court granted the defendants' motions for summary judgment on grounds the union had not breached its duty of fair representation. We affirm.

## I.

VanDerVeer was hired as a package car driver for UPS on April 8, 1987. His union steward, John Luna, later reported that VanDerVeer had lied on his employment application by stating he had no relatives working at UPS. Unbeknownst to VanDerVeer, at the time he filled out the application VanDerVeer had a cousin employed with UPS. VanDerVeer was terminated for dishonesty and other work rule violations on October 24, 1991.

Following a local level hearing, which ruled in favor of termination, the union protested VanDerVeer's discharge before the Ohio Joint State Grievance Committee (Committee). At the hearings, UPS argued that VanDerVeer had also falsified delivery stops. William Lichtenwald, the union's business representative, represented VanDerVeer at the hearings. The union argued that VanDerVeer had not known his cousin was em-

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

ployed at UPS and therefore he had not been dishonest in completing the application. As to the delivery stops, the union argued that UPS had previously agreed in writing not to discipline him for that offense or for an unreported accident in which VanDerVeer was involved. UPS also brought up a complaint about sexual harassment from one of VanDerVeer's customers, as well as a warning letter sent to VanDerVeer concerning a problem with next day air. At the hearings, VanDerVeer testified in his own defense and admitted on the record that he had been given an opportunity to present all of the facts to the Committee. VanDerVeer also admitted that he had been properly represented by the union. The Committee unanimously upheld VanDerVeer's termination.

VanDerVeer filed suit alleging that UPS breached the collective bargaining agreement by terminating him and that the union breached its duty of fair representation. As to the union, VanDerVeer bases his claim on the following allegations: a) John Luna, his union steward, wrongfully attempted to have VanDerVeer terminated by telling officials that VanDerVeer had falsified his employment application, and b) the union's animosity and bad faith tainted the entire grievance procedure and resulted in VanDerVeer's wrongful termination.

## II.

◼ In order to recover against the union or the employer in a hybrid suit under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), the employee-union member must prove that the union breached its duty of fair representation and that the employer breached the collective bargaining agreement. *Chauffeurs, Teamsters and Helpers, Local 391 v. Terry,* 494 U.S. 558, 564, 110 S.Ct. 1339, 1344, 108 L.Ed.2d 519 (1990).

In *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967), the United States Supreme Court held that a breach of a labor organization's duty of fair representation occurs "only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." When processing a grievance of a union member, a union may not

represent a member "in a perfunctory manner." *Id.* at 194, 87 S.Ct. at 919. However, to prove a breach of duty by the union "involves more than demonstrating mere errors in judgment." *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 571, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231 (1976).

◼ Not all members of the same union are necessarily personal friends. They may even be personal rivals—bearing ordinary human jealousies and conflicting goals. Such personal differences may be evidence that a union officer was hostile to a particular union member. *See Black v. Ryder/P.I.E. Nationwide, Inc.,* 15 F.3d 573 (6th Cir.1994). This personal hostility may even be the first step in an employer's discipline against a bargaining unit employee. Personal hostility is not enough, however, to establish a *prima facie* case of unfair representation in a union member's discharge if the union's representation during the disciplinary steps is adequate and there is no evidence that the personal hostility tainted the arbitrators' decision. In order to succeed on a hybrid section 301 claim, as this Court stated in the recent case of *Ryder/P.I.E. Nationwide,* the discharged employee must show, among other things, that the union's breach of its duty of fair representation tainted the decision of the hearing panel. 15 F.3d at 585.

> The impact of the breach on the outcome must, moreover, have been substantial; to establish a breach of fair representation, the plaintiff must meet the onerous burden of proving that the grievance process was *"seriously flawed* by the union's breach of its duty to represent employees honestly and in good faith and without invidious discrimination or arbitrary conduct." Thus, if a union fails to present favorable evidence during the grievance process, this failure may constitute a breach of its duty only if that evidence probably would have brought about a different decision.

*Id.* (citations omitted).

◼ As the district court correctly pointed out, there is no evidence of any nexus between the alleged hostility of Luna and the outcome of the arbitration wherein VanDerVeer's discharge was upheld. As discussed

above, such a nexus is necessary. Our review of the record shows that union representative Lichtenwald adequately represented VanDerVeer during the arbitration. Lichtenwald may have failed to point out that Luna was not disciplined for falsifying records. However, in our judgment, this is not a "serious flaw" which "would likely have altered the results of the grievance proceedings." *Compare Ryder/P.I.E. Nationwide,* 15 F.3d at 585.

### III.

For the reasons stated, the decision of the District Court is AFFIRMED.