JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, Nathaniel W. Jones, Jr. ("Jones"), appeals the trial court's order granting defendant-appellee's, Board of Elections (the "Board"), motion to dismiss. Finding no merit to the appeal, we affirm.
 {¶ 2} On February 5, 2003, Jones filed a complaint against various supervisors and the Board alleging that on or about August 11, 2000, he was discriminated against solely because of his age. He alleged that he worked for the Board for over 28 years, during which he complained to the Board about discriminatory practices, such as limiting his advancement and/or pay. He alleged that he was terminated on August 11, 2000 solely because of his age and in retaliation for his complaining to the Board about his alleged age discrimination. Jones alleges that such actions are violations of R.C. 4112 et seq.
 {¶ 3} The Board filed a Civ.R. 12(B) motion to dismiss because the complaint was untimely and failed to state a claim upon which relief could be granted. The trial court granted the Board's motion.
 {¶ 4} In his sole assignment of error, Jones claims that the trial court erred by granting the Board's motion to dismiss.
 {¶ 5} In order to prevail on a Civ.R. 12(B)(6) motion, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recover. A court is confined to the averments set forth in the complaint and cannot consider outside evidentiary materials. Greeley v. Miami ValleyMaintenance Contrs. Inc. (1990), 49 Ohio St.3d 228; State exrel. Plaza Interiors v. City of Warrensville Heights (May 24, 2001), Cuyahoga App. No. 78267; Wickliffe Country Place v.Kovacs, 146 Ohio App.3d 293, 2001-Ohio-4302; Frost v. Ford
(July 12, 2001), Franklin App. No. 00AP-1205. Moreover, a court must presume that all factual allegations set forth in the complaint are true and must make all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co.
(1988), 40 Ohio St.3d 190; Kennedy v. Heckard, Cuyahoga App. No. 80234, 2002-Ohio-6805.
 {¶ 6} When reviewing a judgment granting a Civ.R. 12(B)(6) motion, an appellate court must independently review the complaint to determine whether dismissal was appropriate. Decisions on Civ.R. 12(B)(6) motions are not findings of fact, but are rather conclusions of law. State ex. rel. Drake v.Athens Cty. Bd. of Elections (1988), 39 Ohio St.3d 40. An appellate court need not defer to the trial court's decision in Civ.R. 12(B)(6) cases. McGlone v. Grimshaw (1993),86 Ohio App.3d 279, citing Athens Cty. Bd. of Elections.
 {¶ 7} An action for age discrimination regarding employment can be maintained under three different statutes within R.C. Chapter 4112. R.C. 4112.02 prohibits discrimination in employment on the basis of age, and specifies that a civil action to "enforce the individual's rights" relative to such discrimination must be instituted within 180 days of the alleged unlawful discriminatory practice. See 4112.02(N).
 {¶ 8} R.C. 4112.14, previously codified at R.C. 4101.17, provides a remedy for age-based discrimination in the hiring and termination of employees. Although it does not include a limitations period, the Ohio Supreme Court has determined that the six-year limitations period of R.C. 2305.07 applied to claims based upon R.C. 4101.17. See Morris v. Kaiser Engineers, Inc.
(1984), 14 Ohio St.3d 45, paragraph two of the syllabus; Ferrarov. B.F. Goodrich Co. 149 Ohio App.3d 301, 2002-Ohio-4398 (the statute of limitations period applicable to R.C. 4112.14 age discrimination claims is six years).
 {¶ 9} R.C. 4112.99 provides an independent cause of action for "damages, injunctive relief or any other appropriate relief" to remedy any form of discrimination identified in R.C. Chapter 4112. Ferraro, supra, citing Elek v. Huntington Natl. Bank
(1991), 60 Ohio St.3d 135. The applicable limitations period under this section has been held to be six years. See Cosgrovev. Williamsburg of Cincinnati Mgt. Co., Inc. (1993),70 Ohio St.3d 281.
 {¶ 10} However, in the instant case, Jones failed to specify under which statutory provision in R.C. Chapter 4112 he based his claim. He included a jury demand and sought compensatory, punitive and/or exemplary damages. However, it has been held that a jury demand is unavailable under R.C. 4112.14 because an action for age discrimination did not exist at common law; thus, there is no right to a jury trial. Hoops v. United Telephone Companyof Ohio (1990), 50 Ohio St.3d 97. Furthermore, R.C. 4112.14 does not include a remedy for the damages Jones sought.
 {¶ 11} However, the instant case is analogous to Ferraro,
supra, because the plaintiff in Ferraro also did not specify a specific statutory provision and sought similar relief. Holding that a claim for relief was stated, the court concluded that R.C. Chapter 4112 is remedial in nature and should be construed liberally. See Giambrone v. Spalding Evenflo Co. (1992),79 Ohio App.3d 308. Therefore, Jones' claim falls within the six-year limitations period of R.C. 4112.14.
 {¶ 12} Absent direct evidence of age discrimination, in order to establish a prima facie case of a violation of R.C. 4112.14(A) in an employment discharge action, the claimant must show that he:
"(1) was a member of the statutorily protected class, (2) wasdischarged, (3) was qualified for the position, and (4) wasreplaced by, or the discharge permitted the retention of, aperson of substantially younger age." Kohmescher v. Kroger Co.(1991), 61 Ohio St.3d 501.
 {¶ 13} The Ohio Supreme Court recently held that:
"A plaintiff may plead a prima facie case of age-basedemployment discrimination in violation of R.C. 4112.14(A) bypleading a short and plain statement of the claim, which includesan allegation that he was replaced by a person substantiallyyounger than himself." Coryell v. Bank One Trust Co., N.A.,101 Ohio St.3d 175, 2004-Ohio-723.
 {¶ 14} Jones failed to plead a prima facie case of age discrimination because he failed to allege that he was replaced by a younger person. Even though his action for age discrimination is not barred as being untimely, his complaint fails to state a claim upon which relief can be granted. Therefore, the trial court did not err in granting the Board's motion to dismiss pursuant to Civ.R. 12(B)(6) as to his allegation of age discrimination.
 {¶ 15} As to any claim for wrongful discharge/termination, Jones has based this claim on age discrimination and retaliation. Following the reasoning above, he cannot maintain an action for wrongful discharge/termination premised on age discrimination. Jones' retaliation claim under R.C. 4112.02 is also barred because it is outside the applicable statute of limitations. Any action brought under R.C. 4112.02 shall be brought within 180 days after the alleged unlawful discriminatory practice occurred. See R.C. 4112.02(N). Therefore, because Jones filed his complaint nearly two and one-half years after the alleged discriminatory practice occurred, his claim for retaliation is time-barred.
 {¶ 16} Although Jones mentions other causes of action in his complaint, to wit: breach of contract, negligence, and intentional infliction of emotional distress, he has not stated any claim for which relief can be granted under any of those causes of action.
 {¶ 17} Accordingly, the trial court did not err in granting the Board's motion to dismiss.
Judgment affirmed.
It is ordered that appellees recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J. Concurs; Blackmon, P.J. Concurs in Partand Dissents in part (see separate Opinion).