JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Angela Camardo ("Camardo") appeals the decision of the trial court dismissing her complaint of age discrimination and wrongful termination. Camardo argues that the trial court erroneously applied a 180-day statute of limitations rather than a six-year statute of limitations to her claim of discrimination. For the following reasons, we reverse and remand.
 {¶ 3} QualChoice, Inc. ("QualChoice") employed Camardo from 1994 until her termination in 2002. For the five years prior to her termination, Camardo worked as an office support clerk in the behavioral health department at QualChoice. As a QualChoice employee, Camardo maintained an exemplary performance and attendance record. At the time of her termination, Camardo was 53 years of age.
 {¶ 4} During her employment with QualChoice, Camardo applied for two separate transfers to different departments. QualChoice rejected both applications and subsequently gave both positions to individuals under the age of forty. In January 2002, QualChoice's human resources director informed Camardo that her position had been eliminated and that she was terminated. QualChoice distributed Camardo's duties to one or more employees under the age of forty. Camardo alleges that QualChoice discriminated against her and that age discrimination motivated her termination.
 {¶ 5} On January 22, 2004, Camardo filed a three-count complaint alleging claims of discrimination under R.C. 4112.14 and 4112.99, and wrongful termination in violation of public policy. QualChoice moved to dismiss because the complaint was untimely and failed to state a claim for relief. The trial court granted QualChoice's motion to dismiss on June 18, 2004, finding that counts one and two were filed beyond the 180-day statute of limitations period as established in Bellian v. BicronCorp. (1994), 69 Ohio St.3d 517. The trial court also dismissed Camardo's claim of wrongful termination. Camardo appeals.
 {¶ 6} In her sole assignment of error, Camardo argues that, "the trial court erred in finding the plaintiff's claim was barred by a one-hundred-eighty-day statute of limitations where, her claim was brought pursuant to R.C. 4112.14, and where this court has held previously R.C. 4112.14 provides for a six year statute of limitations." This assignment of error has merit.
 {¶ 7} We note that Camardo's single assignment of error only addresses her age discrimination claim pursuant to R.C. 4112.14. As her assignment of error does not address her claims under R.C. 4112.99 and wrongful termination in violation of public policy, this opinion will only address count one of Camardo's complaint.
 {¶ 8} The standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Barksdale v. Murtis H. Taylor Multi Services Center, Cuyahoga App. No. 82540, 2003-Ohio-5653. When ruling on a Civ.R. 12(B)(6) motion to dismiss, the trial court must presume all factual allegations contained in the complaint are true and make all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,192.
 {¶ 9} An action for age discrimination pursuant to R.C. 4112.14, previously codified at R.C. 4101.17, provides a remedy for age-based discrimination in the hiring and firing of employees. Jones v. Board ofElections, Cuyahoga App. No. 84370, 2004-Ohio-4750. "Although it does not include a limitations period, the Ohio Supreme Court has determined that the six-year limitations period of R.C. 2305.07 applied to claims based upon R.C. 4101.17." Id. at para. 8. See Morris v. Kaiser Engineers. Inc.
(1984), 14 Ohio St.3d 45, Cosgrove v. Williamsburg of CincinnatiManagement Co. (1994), 70 Ohio St.3d 281, Ferraro v. B.F. Goodrich Co.,149 Ohio App.3d 301, 2002-Ohio-4398. (The statute of limitations period applicable to R.C. 4112.14 age discrimination claims is six years.)
 {¶ 10} Furthermore, this court has repeatedly held that the statute of limitations period for a case brought pursuant to R.C. 4112.14 is six years. See Leonardi v. Lawrence Industries (Sept. 4, 1997), Cuyahoga App. No. 72313 (discretionary appeal not allowed, 81 Ohio St.3d 1420);Ahern v. Ameritech Corporation (2000), 137 Ohio App.3d 754; Jones v.Board of Elections (2004), Cuyahoga App. No. 83470, 2004-Ohio-4750.
 {¶ 11} In light of this case history, this court declines to take the rigid approach advocated by QualChoice and rejects the 180-day statute of limitations period for cases brought pursuant to R.C. 4112.14.[1]
 {¶ 12} For the foregoing reasons, we reverse the decision of the trial court and remand for proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate ursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Corrigan, J., concur.
[1] Though declared unconstitutional on other grounds, House Bill 350 provided a uniform statute of limitations period for discrimination actions that would have addressed this issue.