Judgment reversed<br>and cause remanded.

SHAW and PRESTON, JJ., concur.

---

**MEYER, Appellee,**

v.

**UNITED PARCEL SERVICE, INC., Appellant.**

[Cite as *Meyer v. United Parcel Serv., Inc.,* 174 Ohio App.3d 339, 2007-Ohio-7063.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–060772.

Decided Dec. 28, 2007.

Law Office of Marc Mezibov, Marc D. Mezibov, and Stacy A. Hinners, for appellee.

Frost, Brown, Todd, L.L.C., Kasey Bond, Eugene J. Droeder III, and Tony C. Coleman, pro hac vice, for appellant.

CUNNINGHAM, Judge.

{¶ 1} Defendant-appellant United Parcel Service, Inc. ("UPS") appeals the judgment of the trial court entered on a jury's verdict in favor of plaintiff-appellee Robert Meyer on his claims for age discrimination under R.C. 4112.99 and for retaliatory discharge under R.C. 4123.90 for filing workers' compensation claims. Meyer brought these claims after UPS discharged him after 24 years of employment as a delivery driver. Meyer was then 45 years old. In his final year of employment, Meyer had sustained several serious job-related injuries for which he had filed claims for workers' compensation benefits. UPS asserted that Meyer was properly discharged for dishonesty and other serious offenses.

{¶ 2} In its nine assignments of error, UPS argues that (1) Meyer's age-discrimination claim was barred by the statute of limitations and because it had been previously arbitrated, (2) the trial court improperly permitted a jury trial on Meyer's retaliatory-discharge claim, (3) the court erred in denying its motions for summary judgment and for a directed verdict on these claims, (4) the court erred in instructing the jury and in admitting various testimony at trial, and (5) the court erred in awarding prejudgment interest to Meyer. Because Meyer was not entitled to a jury trial on his retaliatory-discharge claim, and because this error tainted the jury's verdicts, we reverse that portion of the trial court's judgment entered on those verdicts.

### Facts

{¶ 3} Meyer began his employment at UPS in 1978. In 1984 he became a full-time package-delivery driver. While Meyer had had previous disciplinary issues at UPS, until January 2003 he had never been discharged and had never received serious punishments while on the job.

{¶ 4} In 2002, James Murray became business manager of the Colerain facility where Meyer worked. UPS was self-insured for purposes of paying workers'

compensation benefits to its employees. UPS set aside its own funds to pay the medical costs and lost wages of its employees injured on the job. Meyer's division manager received reports detailing the costs of employee workers' compensation claims. The manager discussed those costs with individuals in UPS's finance department, which provided a workers'-compensation budget for each division. Thus a division's profitability was adversely affected when claims exceeded the budgeted amount.

{¶ 5} In August 2002, Meyer sustained a workplace-related injury that required him to miss work. When he returned to work, Meyer met with Murray. During that meeting, Meyer alleged, Murray told him, "If [Meyer] wanted to make [his] last five years at UPS, that [he had] better not get hurt." UPS acknowledged only that it had simply admonished Meyer to be careful and to follow its methods and procedures at all times.

{¶ 6} In November 2002, Meyer suffered another workplace-related injury, an inguinal hernia. The injury required two surgeries to repair. Meyer filed a claim for workers' compensation benefits and missed nearly two months of work.

{¶ 7} In late January 2003, Meyer returned to work. Three weeks later, UPS discharged Meyer without warning. While UPS's various agreements with Meyer's collective-bargaining unit generally provided for progressive discipline, UPS could discharge an employee, without warning, for dishonesty and "other serious offenses." Other drivers had alleged that Meyer had intentionally inflated the miles he had driven on his route. Meyer filed a grievance, and after a hearing, UPS's discipline was reduced to a suspension.

{¶ 8} When Meyer returned to work, he met with Murray. Murray reviewed a document that listed Meyer's workplace-injury history and again emphasized that his continued employment was related to not sustaining any further workplace injuries.

{¶ 9} In September 2003, UPS again discharged Meyer without warning based upon a customer's complaint that Meyer had driven too fast in the customer's parking lot, had thrown boxes off the back of the truck, and had made inappropriate sexually explicit statements. After recourse to the grievance procedure, Meyer was again reinstated after serving a suspension.

{¶ 10} Two months later, Meyer returned to work. He was assigned to a different route that included frequent deliveries of heavy packages. Meyer's immediate supervisor rode with him on the first day and provided training on UPS's new wireless computer system, called "DIAD," which is used to record pickups and deliveries of packages. Even with the supervisor's assistance, Meyer completed the route over one and one-half hours late.

{¶ 11} The following day, Murray warned Meyer that he was too slow and that he should be concerned for his job. Meyer's request for additional DIAD training was denied. Meyer had difficulty completing the route and difficulty using DIAD. He also sustained a serious groin injury during the day. Meyer filed for workers' compensation benefits and missed four weeks of work. UPS's security investigators uncovered serious discrepancies in the DIAD record, including one record showing that Meyer had made eight customer stops in a three-minute period.

{¶ 12} On December 3, 2003, the day that Meyer returned to work, UPS discharged him for dishonesty based on what UPS perceived as fraudulent entries on the DIAD system. Meyer again filed a grievance. But this time the discharge was upheld.

{¶ 13} Meyer brought this action for workers' compensation retaliation and age discrimination. Meyer contended that his termination was motivated by retaliation for his filing claims for workers' compensation benefits and by his age. Meyer sought reinstatement to his previous position or, in the alternative, an award of front pay as well as back pay, other compensatory damages, punitive damages, and reasonable attorney fees and costs.

{¶ 14} The case proceeded to a jury trial, and after six days of testimony and deliberations, the jury answered special interrogatories and found in favor of Meyer on both claims. The jury awarded damages of $113,352 to Meyer for back pay under the retaliatory-discharge claim, and damages of $113,352 for back pay, $175,000 for "other damages," and $25,000 in punitive damages on his age-discrimination claim. The trial court entered judgment on the verdicts, awarding only one recovery for back pay, but otherwise adding $47,616.03 in prejudgment interest and $135,194.45 in attorney fees and costs. The trial court also ordered Meyer reinstated to his position at UPS and imposed postjudgment interest.

{¶ 15} This appeal ensued. In September 2006, UPS executed a supersedeas bond in the amount of $744,590, and this court granted a stay of execution of the judgment.

### Pretrial Challenges to Meyer's Age–Discrimination Claim

{¶ 16} In its first assignment of error, UPS argues that the trial court erred by refusing to grant judgment to UPS as a matter of law on Meyer's claim for age discrimination because (1) Meyer had filed his claim outside the statute-of-limitations period contained in R.C. 4112.02(N), and (2) Meyer had arbitrated his claim, and his discharge had been upheld, thus precluding his claim under R.C. 4112.14(C).

{¶ 17} UPS first argues that since Meyer had brought his R.C. 4112.99 age-discrimination claim over 18 months after he had been terminated, his claim was

barred by the statute of limitations in R.C. 4112.02(N). In his amended complaint, Meyer alleged age discrimination by UPS under R.C. 4112.99. UPS argues that since R.C. 4112.99 contains "no substantive provisions," any claim brought under that statute "must be premised upon [the provisions of] either" R.C. 4112.02(N) or R.C. 4112.14. Thus, the appropriate limitations period for bringing an R.C. 4112.99 age-discrimination claim must also be premised upon the period provided by R.C. 4112.02(N) or 4112.14.

{¶ 18} UPS contends that Meyer's claim was premised upon R.C. 4112.02 because he sought remedies similar to those permitted under that statute. That is, an age-discrimination claim like Meyer's that was brought under R.C. 4112.99 must have been premised upon the rights and remedies created by R.C. 4112.02(N), which also provides a 180–day limitations period for bringing claims. UPS also notes that the more specific limitations provisions of R.C. 4112.02 should have prevailed over the general provisions of R.C. 4112.99.

{¶ 19} UPS's argument that Meyer's age-discrimination claim was barred by the statute of limitations was first raised as an affirmative defense in its answer to the amended complaint.[1] While ordinarily a statute-of-limitations issue would be resolved by a Civ.R. 12 motion or by a motion for summary judgment, UPS advanced this argument principally in its motion for a directed verdict. A directed verdict is properly granted when "the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party * * *."[2] Thus, a motion for a directed verdict assesses the sufficiency of the evidence, not the weight of the evidence or the credibility of the witnesses.[3] An appellate court reviews a trial court's ruling on a motion for a directed verdict de novo, as it presents a question of law.[4]

{¶ 20} UPS filed its directed-verdict motion on August 3, 2006, after the jury trial had already begun. But because the resolution of this portion of the assignment of error raises primarily a legal question not dependent on any evidence adduced at trial, we answer the assignment of error as presented.

---

1. See Civ.R. 8(C).

2. Civ.R. 50(A)(4).

3. See *Ruta v. Breckenridge–Remy Co.* (1982), 69 Ohio St.2d 66, 68, 23 O.O.3d 115, 430 N.E.2d 935, citing *Rohde v. Farmer* (1970), 23 Ohio St.2d 82, 91, 52 O.O.2d 376, 262 N.E.2d 685.

4. *Ruta v. Breckenridge–Remy Co.*, paragraph one of the syllabus.

{¶ 21} An action for age discrimination in employment can be maintained under four different statutes within R.C. Chapter 4112.[5] Only three are at issue in this case.[6] First, R.C. 4112.02(N) prohibits discrimination in employment on the basis of age and provides for "any legal or equitable relief that will effectuate the individual's rights." An age-discrimination claim under this statute must be brought within 180 days of the alleged unlawful discriminatory practice.[7]

{¶ 22} Second, R.C. 4112.14(B), formerly codified in R.C. 4101.17,[8] provides a remedy for age-based discrimination in the hiring and termination of employees "which shall include reimbursement to the applicant or employee for the costs, including reasonable attorney's fees, of the action, or to reinstate the employee in the employee's former position with compensation for lost wages and any lost fringe benefits from the date of the illegal discharge and to reimburse the employee for the costs, including reasonable attorney's fees, of the action." Although R.C. 4112.14 does not include a limitations period, the Ohio Supreme Court has held that the six-year limitations period of R.C. 2305.07 applies to claims under R.C. 4101.17.[9]

{¶ 23} Third, R.C. 4112.99 provides an independent civil action to seek redress for any form of discrimination identified in R.C. Chapter 4112.[10] The statute "makes violators of R.C. Chapter 4112 'subject to a civil action for damages, injunctive relief, or any other appropriate relief.' "[11] Like R.C. 4112.14, the text of R.C. 4122.99 does not provide a limitations period for bringing claims. But in *Cosgrove v. Williamsburg of Cincinnati Mgt. Co., Inc.*, the Ohio Supreme Court held that R.C. 4112.99 is a remedial statute and is subject to R.C. 2305.07's six-year statute of limitations.[12]

---

5. See *Leininger v. Pioneer Natl. Latex,* 115 Ohio St.3d 311, 2007-Ohio-4921, 875 N.E.2d 36, at ¶ 29.

6. See R.C. 4112.05(G) (the Ohio Civil Rights Commission may issue orders requiring an employer to cease and desist from unlawful discriminatory practices).

7. See R.C. 4112.02(N).

8. See *Leininger v. Pioneer Natl. Latex,* 115 Ohio St.3d 311, 2007-Ohio-4921, 875 N.E.2d 36, at ¶ 14.

9. See *Morris v. Kaiser Engineers, Inc.* (1984), 14 Ohio St.3d 45, 14 OBR 440, 471 N.E.2d 471, paragraph two of the syllabus; see also *Jackson v. Internatl. Fiber,* 169 Ohio App.3d 395, 2006-Ohio-5799, 863 N.E.2d 189.

10. See *Elek v. Huntington Natl. Bank* (1991), 60 Ohio St.3d 135, 136, 573 N.E.2d 1056; see also *Leininger v. Pioneer Natl. Latex* at ¶ 31.

11. *Leininger v. Pioneer Natl. Latex* at ¶ 29, quoting R.C. 4112.99.

12. *Cosgrove v. Williamsburg of Cincinnati Mgt. Co., Inc.* (1994), 70 Ohio St.3d 281, 638 N.E.2d 991, syllabus; see also *Jackson v. Internatl. Fiber,* 169 Ohio App.3d 395, 2006-Ohio-5799, 863

{¶ 24} Recently, in *Leininger v. Pioneer Natl. Latex,* the Ohio Supreme Court held that Ohio does not recognize a common-law tort claim for wrongful discharge based on the public policy against age discrimination, "because the remedies in R.C. Chapter 4112 provide complete relief for a statutory claim for age discrimination." [13] In reaching its holding, the court reiterated its prior holding that had rejected the argument that the specific-remedies provisions of subsections within the chapter prevail over the more general provisions of R.C. 4112.99. [14] The court noted that "R.C. 4112.08 requires a liberal construction of R.C. Chapter 4112. Although R.C. 4112.02(N), 4112.08, and 4112.14(B) all require a plaintiff to elect under which statute (R.C. 4112.02, 4112.05, or 4112.14) a claim for age discrimination will be pursued, when an age discrimination claim accrues, a plaintiff may choose from the full spectrum of remedies available. Leininger's argument also does not take into account the scope of R.C. 4112.99's remedies. In *Elek v. Huntington Natl. Bank* (1991), 60 Ohio St.3d 135, 573 N.E.2d 1056, we stated that R.C. 4112.99 provides an independent civil action to seek redress for any form of discrimination identified in the chapter. Id. at 136, 573 N.E.2d 1056. A violation of R.C. 4112.14 (formerly R.C. 4101.17), therefore, can also support a claim for damages, injunctive relief, or any other appropriate relief under R.C. 4112.99. This fourth avenue of relief is not subject to the election of remedies." [15]

{¶ 25} Because the undisputed evidence produced before trial indicated that Meyer had brought his R.C. 4112.99 age-discrimination claim within the six-year limitations period, reasonable minds could only conclude that Meyer was not barred from pursuing his age-discrimination claim.

{¶ 26} UPS next argues that the trial court erred in permitting Meyer to advance his age-discrimination claim despite having had his discharge previously upheld in arbitration. UPS relies on this court's decision in *Hopkins v. United Parcel Serv.,* in which we interpreted R.C. 4112.14(C) and held that any claim for wrongful discharge under R.C. Chapter 4112 is barred if the plaintiff has argued the issue before a labor-grievance panel and the discharge has been upheld for just cause. [16]

---

N.E.2d 189, at ¶ 20; *Ferraro v. B.F. Goodrich Co.,* 149 Ohio App.3d 301, 2002-Ohio-4398, 777 N.E.2d 282, at ¶ 32; *Jones v. Bd. of Elections,* 8th Dist. No. 83470, 2004-Ohio-4750, 2004 WL 2002470, at ¶ 9.

13. *Leininger v. Pioneer Natl. Latex,* 115 Ohio St.3d 311, 2007-Ohio-4921, 875 N.E.2d 36, syllabus.

14. See id. ¶ 31.

15. (Footnotes omitted.) Id.

16. *Hopkins v. United Parcel Serv.* (Feb. 11, 2000), 1st Dist. No. C–990392, 2000 WL 279228.

{¶ 27} UPS raised this issue both in its motion for summary judgment and in its directed-verdict motion. Because summary judgment presents only questions of law, an appellate court reviews the entry of summary judgment de novo, without deference to the trial court's determinations.[17] Summary judgment is proper pursuant to Civ.R. 56(C) when (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence viewed most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.[18]

{¶ 28} It is undisputed that Meyer contested his discharge in the grievance procedure established for employees at UPS. This grievance procedure was the functional equivalent of arbitration.[19] But UPS's reliance on the holding of *Hopkins* is misplaced. In that case, we interpreted a version of R.C. 4112.14(C) that provided, "[T]he cause of action described in division (B) of this section *and other remedies available under this chapter* shall not be available in the case of discharges where the employee has available to the employee the opportunity to arbitrate the discharge or where a discharge has been arbitrated and has [been] found to be for just cause."[20] We noted that "[t]he plain language of the statute indicates the General Assembly's intent to bar civil actions for age discrimination as well as 'other remedies available under this chapter' when the employee has the ability to arbitrate his claims."[21]

{¶ 29} At all times pertinent to this case, however, R.C. 4112(C) provided that "[t]he cause of action described in division (B) of this section *and any remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code* shall not be available in the case of discharges where the employee has available to the employee the opportunity to arbitrate the discharge or where a discharge has been arbitrated and has found to be for just cause." (Emphasis added.) The plain language of R.C. 4112.14(C) does not now bar previously arbitrated cases from proceeding to trial under R.C. 4112.99.

---

17. See *Polen v. Baker* (2001), 92 Ohio St.3d 563, 564–565, 752 N.E.2d 258.

18. See also *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.

19. See *Hopkins v. United Parcel Serv., Inc.*, fn. 7, citing *United Parcel Serv., Inc. v. Mitchell* (1981), 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732; *VanDerVeer v. United Parcel Serv., Inc.* (C.A.6, 1994), 25 F.3d 403.

20. (Emphasis added.) *Hopkins v. United Parcel Serv., Inc.*

21. Id.

{¶ 30} Thus *Hopkins* is not applicable, and Meyer's R.C. 4112.99 claim of age discrimination was outside the ambit of R.C. 4112.14(C). Since UPS was not entitled to judgment as a matter of law on this issue, the trial court did not err in denying summary judgment on this basis. The trial court also correctly denied UPS's directed-verdict motion and permitted Meyer's age-discrimination claim to be submitted to the jury.[22]

{¶ 31} The first assignment of error is overruled.

### No Right to Jury Trial on Meyer's Retaliation Claim

{¶ 32} In its second assignment of error, UPS argues that the trial court erred (1) by denying its motion to strike Meyer's jury demand on his workers' compensation retaliation claim and (2) by allowing the jury to award compensatory and punitive damages.

{¶ 33} We find merit in UPS's first contention. When Meyer first brought suit against UPS, he asserted two claims for relief. He alleged that he had been wrongfully terminated by UPS for filing workers' compensation claims, in violation of his rights under R.C. 4123.90, and in violation of the public policy of Ohio identified in R.C. 4123.90.

{¶ 34} In July 2004, UPS moved to dismiss both claims. Meyer contested the motion with respect to the statutory claim, but admitted that UPS was "on firmer ground" in moving to dismiss the public-policy claim, because Meyer had been part of an employee bargaining unit. On September 10, 2004, the trial court dismissed Meyer's public-policy claim.

{¶ 35} In October 2004, UPS moved to strike Meyer's jury demand for his statutory retaliation claim and his requests for compensatory and punitive damages and for attorney fees. Because "R.C. 4123.90 does not provide Plaintiff with a jury trial * * *," UPS requested that "the case be assigned to a bench trial." Meyer's bare-bones response to this portion of the motion noted only that "the matter has not been dispositively ruled on by the [Ohio] Supreme Court." In December 2004, the trial court denied UPS's motion without explanation.

{¶ 36} Six months later, Meyer sought and obtained leave to amend his complaint to add a claim of age discrimination under R.C. 4112.99. Both the age-discrimination claim and Meyer's remaining statutory claim for workers' compensation retaliation were tried to a jury. The jury answered special interrogatories and found in favor of Meyer on both claims. The trial court entered judgment on the verdicts and awarded prejudgment interest, attorney fees, and costs.

---

22. See Civ.R. 50(A).

{¶ 37} R.C. 4123.90 prohibits retaliation by an employer for an employee's pursuit of a workers' compensation claim. The statute states that "[n]o employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer." It further provides that "[a]ny such employee may file an action in the common pleas court of the county of such employment in which the relief which may be granted shall be limited to reinstatement with back pay, if the action is based upon discharge, * * * plus reasonable attorney fees."

{¶ 38} An aggrieved employee may also pursue a retaliatory-discharge claim based on a violation of the public policy identified in R.C. 4123.90.[23] But a "statutory claim under R.C. 4123.90 and [a] wrongful discharge claim based on the public policy set forth in R.C. 4123.90 are distinct claims that must be addressed separately."[24] One of the primary differences between the two claims is that a statutory retaliation claim under R.C. 4123.90 affords equitable relief without the right to a jury trial.[25] In 1986, we held in *Gallaher v. W.S. Life Ins. Co.* that "the remedies envisioned by R.C. 4123.90 are essentially equitable in nature, generally reinstatement, and therefore no right to a jury exists under the statute."[26] A retaliatory-discharge claim based on a violation of public policy, however, is a common-law claim that provides the right to a trial by jury, and that "allows a full range of remedies, including full monetary recovery, that are not available under the limited remedy provided in a statutory claim brought under R.C. 4123.90."[27]

{¶ 39} But Meyer's claim for relief under R.C. 4123.90 was purely a statutory one; his public-policy claim was dismissed in September 2004. Meyer was not

23. See *Boyd v. Winton Hills Med. & Health Ctr., Inc.* (1st Dist.1999), 133 Ohio App.3d 150, 162, 727 N.E.2d 137; but see *Coon v. Technical Constr. Specialties, Inc.*, 9th Dist. No. 22317, 2005-Ohio-4080, 2005 WL 1875811 (refusing to permit a separate public-policy claim under R.C. 4123.90); see generally *Bickers v. W.S. Life Ins. Co.*, 1st Dist. No. C–040342, 2006-Ohio-572, 2006 WL 305442, at ¶ 14 (detailing the split among Ohio's appellate districts).

24. *Schramm v. Appleton Papers, Inc.*, 162 Ohio App.3d 270, 2005-Ohio-3663, 833 N.E.2d 336.

25. See *Sidenstricker v. Miller Pavement Maintenance, Inc.*, 158 Ohio App.3d 356, 2004-Ohio-4653, 815 N.E.2d 736, at ¶ 11; see also *Boyd v. Winton Hills Med. & Health Ctr., Inc.*, 133 Ohio App.3d at 162, 727 N.E.2d 137; *Coon v. Technical Constr. Specialties, Inc.*, 2005-Ohio-4080, 2005 WL 1875811, at ¶ 29.

26. *Gallaher* (Dec. 10, 1986), 1st Dist. No. C–860062, 1986 WL 14063.

27. *Sidenstricker v. Miller Pavement Maintenance, Inc.*, 158 Ohio App.3d 356, 2004-Ohio-4653, 815 N.E.2d 736, at ¶ 12; see also *Boyd v. Winton Hills Med. & Health Ctr., Inc.*, 133 Ohio App.3d at 162, 727 N.E.2d 137.

entitled to a jury trial on his R.C. 4123.90 claim for retaliatory discharge for filing a workers' compensation claim.

{¶ 40} Meyer's contention that UPS waived this error because it had not requested that the trial court enter findings of fact and conclusions of law on the R.C. 4123.90 claim in lieu of entering judgment on the jury's verdict is disingenuous. The record demonstrates that UPS moved to strike the jury demand under Civ.R. 39. Its timely motion raised specific grounds for relief with citation to competent legal authority, including this court's decision in *Gallaher v. W.S. Life Ins. Co.* The issue was properly preserved for appellate review. Since UPS did not consent to have the claim tried by a jury or by an advisory jury,[28] the trial court erred in denying UPS's motion to strike Meyer's jury demand and improperly held a jury trial on Meyer's R.C. 4123.90 claim.

{¶ 41} UPS now argues that the trial court's error in permitting a jury trial on the R.C. 4123.90 claim requires that the judgment against UPS be reversed and a new trial ordered.

{¶ 42} Determining the precise effect of the error on the trial court's judgment and the jury's other verdict is problematic. While the trial court denied UPS's motion for a directed verdict on Meyer's R.C. 4123.90 claim, the denial of the directed verdict demonstrates merely that the trial court had found sufficient evidence to submit the claim to the jury. The denial did not affirmatively demonstrate that the trial court would necessarily have reached the same result as the jury had the issue been tried to the bench. Therefore, the jury's verdict on the R.C. 4123.90 claim must be overturned.

{¶ 43} More troublesome is the impact that presentation of the workers' compensation retaliation claim had on the jury's verdict for the age-discrimination claim under R.C. 4112.99. During the trial, the jury heard substantial evidence to support the R.C. 4123.90 claim that UPS had retaliated against Meyer for filing workers' compensation claims. And it was instructed to reach a conclusion concerning whether UPS had violated Meyer's rights under that statute, thus permitting Meyer to recover damages against UPS.

{¶ 44} Frequently, in cases where a statutory claim has been joined with a public-policy retaliation claim, the jury is entitled to hear evidence common to both retaliation claims.[29] But here, where only a statutory claim remained to be tried with the age-discrimination claim, the amount of evidence of workers' compensation retaliation admitted and the proper purposes for its admission

---

28. See Civ.R. 39(C).

29. See, e.g., *Sidenstricker v. Miller Pavement Maintenance, Inc.*, 158 Ohio App.3d 356, 2004-Ohio-4653, 815 N.E.2d 736, at ¶ 14.

would have been more narrowly circumscribed. For example, the jury might have been permitted to hear evidence of retaliation against Meyer offered to demonstrate that UPS's proffered reason for terminating Meyer—his dishonesty—was a pretext, and that he was actually terminated because of his age.[30]

{¶ 45} But in the case as presented to the jury, the evidence adduced at trial on the retaliatory-discharge claim and the age-discrimination claim presented a seamless web of facts. While Meyer moved for a bifurcation of the trial into liability and damages phases, he never sought to bifurcate the trial for his two claims of wrongful discharge.

{¶ 46} Meyer summarized his case in closing argument. He argued to the jury that UPS "wanted to fire [Meyer]. And they wanted to fire him because he was costing the company too much money. He was old. He was breaking down and as far as they were concerned, he was a liability." Meyer's remarks to the jury at the beginning of his closing argument, while not evidence themselves, were illustrative of the evidence presented at trial and reflected Meyer's theory of the case—that Meyer's filing workers' compensation claims and his age were inextricably linked, and that both claims stemmed from unlawful acts by UPS. In its charge to the jury, and in the special interrogatories, the trial court identified retaliatory discharge as an unlawful practice. And a question from the jury during its deliberations seeking clarification of whether the special interrogatories titled "Age Discrimination" "[we]re * * * all related only to age discrimination" further reflected the intermixing of the two claims. The impact on the jury of the evidence of workers' compensation retaliation, along with the arguments and the instructions given on that evidence, was so prejudicial that the jury's verdicts on both claims must be overturned.

{¶ 47} We note that UPS's second argument, that Meyer had no right to recover compensatory and punitive damages, is not well taken. The Ohio Supreme Court has held that a plaintiff like Meyer who asserts a claim of age discrimination under R.C. 4112.99 has a right to a trial by jury.[31] R.C. 4112.99 provides that employers that discriminate against employees on the basis of age are "subject to a civil action for damages, injunctive relief, or any other appropriate relief."[32] Where a statute includes "broad language regarding the relief available" and does not limit the word "damages" with "a restrictive modifier like 'compensatory,' 'actual,' 'consequential' or 'punitive,'" the statute

---

30. See *Pelletier v. Rumpke Container Serv.* (2001), 142 Ohio App.3d 54, 61, 753 N.E.2d 958.

31. See *Taylor v. Natl. Group of Cos., Inc.* (1992), 65 Ohio St.3d 482, 605 N.E.2d 45.

32. *Leininger v. Pioneer Natl. Latex* at ¶ 29, quoting R.C. 4112.99.

"embrac[es] the panoply of legally recognized pecuniary relief."[33] Therefore, R.C. 4112.99 permits the recovery of compensatory and punitive damages by an injured plaintiff if the evidence adduced at trial supports the damage awards.

{¶ 48} Therefore, that portion of the second assignment of error asserting that the trial court erred in permitting a jury trial on Meyer's claim for workers' compensation retaliation under R.C. 4123.90 is sustained, and the jury verdicts on both the workers' compensation retaliation claim and the age-discrimination claim are set aside. In all other aspects, the assignment of error is without merit.

### Summary Judgment Properly Denied on Meyer's Retaliatory–Discharge Claim

{¶ 49} In its fifth assignment, UPS contends that the trial court erred in refusing to grant UPS's motion for summary judgment and motion for a directed verdict on Meyer's retaliatory-discharge claim because no reasonable juror could have concluded that Meyer had made a prima facie case of retaliation for filing workers' compensation claims, or that Meyer had demonstrated that UPS's reason for Meyer's termination was a pretext for retaliation.

{¶ 50} Our resolution of UPS's second assignment of error renders moot that portion of the assignment of error that asks this court to assess the sufficiency of the evidence adduced at trial and to overturn the denial of UPS's motion for a directed verdict.[34] But UPS's assertion that the trial court improperly denied its motion for summary judgment survives.

{¶ 51} In prosecuting its assignment of error, UPS has an obligation under the appellate rules to support its argument with citations to the record.[35] But on appeal, UPS and Meyer have both supported their summary-judgment arguments, in virtually every instance, with references to the transcript of the subsequent trial proceedings.

{¶ 52} In supporting a motion for summary judgment, a party must conform to the restriction contained in Civ.R. 56(C) that "[n]o evidence or stipulation may be considered except as stated in this rule."[36] In ruling on an

---

33. Id. at ¶ 30, quoting *Rice v. CertainTeed Corp.* (1999), 84 Ohio St.3d 417, 419, 704 N.E.2d 1217.

34. See App.R. 12(A)(1)(c); see also Civ.R. 50(A)(4).

35. See App.R. 16(A)(7); see also *State v. Perez*, 1st Dist. Nos. C–040363, C–040364, and C–040365, 2005-Ohio-1326, 2005 WL 678947, at ¶ 23.

36. See *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264 ("movant must be able to point to evidentiary materials of the type listed in Civ.R. 56[C] that a court is to consider in rendering summary judgment").

assignment of error dealing with the granting or the denial of a motion for summary judgment, this court must review the same evidentiary material provided to the trial court.[37] Subsequent testimony from the trial is not to be considered in reviewing the trial court's ruling on a summary-judgment motion. We are cognizant that the same issues were tried to the jury, albeit improperly. Our resolution of the second assignment of error, however, precludes us from considering the testimony adduced at trial and precludes the application of the mootness doctrine enunciated in *Continental Ins. Co. v. Whittington.*[38]

{¶ 53} Considering only the material properly before the trial court at the time that it ruled on UPS's summary-judgment motion, we now resolve the assignment of error. Recently, in *Young v. Stelter & Brinck, Ltd.*, we described the burden-shifting approach used to analyze retaliatory-discharge claims.[39] In this case, the initial burden of proof lay with Meyer to establish a prima facie case of retaliation. In a retaliatory-discharge case, this burden is not onerous. Meyer had to show that (1) he was injured on the job, (2) he filed a workers' compensation claim, and (3) there was a causal connection between his filing the workers' compensation claim and his termination.[40]

{¶ 54} If Meyer established a prima facie case, the burden would have then shifted to UPS to set forth a legitimate nonretaliatory reason for his discharge.[41] If UPS could have articulated a nonretaliatory reason for Meyer's discharge, the burden would then have shifted back to Meyer to prove that the reason proffered by UPS was a pretext and that he was fired because he had pursued workers' compensation claims.[42]

---

**37.** See *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 360, 604 N.E.2d 138; see also *McConaughy v. Boswell Oil Co.* (1998), 126 Ohio App.3d 820, 711 N.E.2d 719.

**38.** See *Continental Ins. Co. v. Whittington* (1994), 71 Ohio St.3d 150, 642 N.E.2d 615, syllabus ("any error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues * * * demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party opposing the motion * * *").

**39.** *Young v. Stelter & Brinck, Ltd.*, 1st Dist. No. C–070259, 2007-Ohio-6510, 2007 WL 4277556, at ¶ 22–23.

**40.** See id. at ¶ 20, citing *Cunningham v. Kroger Co.*, 1st Dist. No. C–050990, 2006-Ohio-5900, 2006 WL 3230323, at ¶ 16; *Greer–Burger v. Temesi*, 8th Dist. No. 87104, 2006-Ohio-3690, 2006 WL 2023571, at ¶ 15; and *Wilson v. Riverside Hosp.* (1985), 18 Ohio St.3d 8, 18 OBR 6, 479 N.E.2d 275, paragraph one of syllabus.

**41.** See id. at ¶ 21, citing *Kilbarger v. Anchor Hocking Glass Co.* (1997), 120 Ohio App.3d 332, 338, 697 N.E.2d 1080.

**42.** See id.; see also *Boyd v. Winton Hills Med. & Health Ctr., Inc.*, 133 Ohio App.3d at 154, 727 N.E.2d 137.

{¶ 55} It is undisputed that Meyer was injured on the job and that he had filed workers' compensation claims. But UPS asserts that it was entitled to summary judgment because no genuine issue of fact remained concerning whether there was a causal connection between the protected activity and Meyer's discharge.

{¶ 56} Construing the evidence most strongly in favor of Meyer, the nonmoving party, we are convinced that genuine issues of material fact remained to be determined concerning whether Meyer had been repeatedly threatened with termination for sustaining workplace injuries and filing workers' compensation claims. After more than 20 years of service without formal discipline, Meyer was terminated three times, all following his November 2002 filing of a workers' compensation claim. Meyer's deposition testimony recounted that immediately after returning to work from leave for compensable injuries, he was warned by Murray, the newly appointed business manager of UPS's Colerain facility, that if Meyer wanted to reach retirement, he should stop getting injured; that he was terminated within one month after returning from a compensable-injury leave in February 2003; and that in December 2003, UPS terminated his employment less than one month after he had filed a workers' compensation claim and on the same day that he returned to work.

{¶ 57} By demonstrating UPS's threats of termination[43] and a temporal proximity between his filing the workers' compensation claims and his discharges, Meyer created an inference of a causal connection between his workers' compensation claims and his termination. Meyer established a prima facie case of retaliatory discharge.[44] And genuine issues of material fact remained concerning whether UPS's proffered justification for Meyer's discharge was a pretext for retaliation. The trial court properly denied summary judgment.

{¶ 58} The fifth assignment of error is overruled.

### Summary Judgment Properly Denied on Meyer's Age–Discrimination Claim

{¶ 59} UPS also challenges, in its fourth assignment of error, the trial court's denial of its motion for summary judgment and its directed-verdict motion on Meyer's age-discrimination claim. As in our resolution of the fifth assignment of error, we do not address UPS's directed-verdict argument, we ignore the parties' citations to the transcript of the trial proceedings, and we consider only the evidentiary material properly before the trial court at the time that it ruled on UPS's summary-judgment motion.

---

**43.** See *Boyd v. Winton Hills Med. & Health Ctr., Inc.,* 133 Ohio App.3d at 155–156, 727 N.E.2d 137.

**44.** See *Kent v. Chester Labs, Inc.* (2001), 144 Ohio App.3d 587, 592, 761 N.E.2d 60.

{¶ 60} R.C. Chapter 4112 prohibits an employer from discharging an employee without just cause, on the basis of the employee's age. The ultimate inquiry in an age-discrimination case is whether an employee was discharged on account of age.[45]

{¶ 61} Again, the employee's burden is not an onerous one. The "ultimate inquiry [in an age-discrimination case is] whether evidence of age discrimination is present."[46] The Ohio Supreme Court has underscored that the law does not require a "rigid, mechanized, or ritualistic" exercise to make out a prima facie case for discrimination.[47]

{¶ 62} Absent direct evidence of age discrimination, to establish a prima facie case of age discrimination in employment discharge, a plaintiff "must demonstrate that he or she (1) was a member of the statutorily protected class, (2) was discharged, (3) was qualified for the position, and (4) was replaced by, or the discharge permitted the retention of, a person of substantially younger age."[48]

{¶ 63} If a plaintiff establishes a prima facie case, the burden of production shifts to the employer to articulate some legitimate, nondiscriminatory reason for the plaintiff's discharge.[49] Should the employer carry this burden, the plaintiff must then demonstrate that the reason the employer has offered is not its true reason, but is merely a pretext for discrimination.[50]

{¶ 64} UPS concedes that Meyer established the first two elements of his discrimination claim and challenges only the latter two elements: whether Meyer was qualified for his position, and whether he was replaced by, or his discharge permitted the retention of, a substantially younger person.

{¶ 65} Construing the evidence most strongly in favor of Meyer, we hold that genuine issues of material fact remained to preclude the entry of summary judgment. Meyer had over 24 years of experience performing his assigned tasks

45. See *Kohmescher v. Kroger Co.* (1991), 61 Ohio St.3d 501, 505, 575 N.E.2d 439.

46. Id. at 504, 575 N.E.2d 439.

47. Id.

48. *Coryell v. Bank One Trust Co. N.A.*, 101 Ohio St.3d 175, 2004-Ohio-723, 803 N.E.2d 781, paragraph one of the syllabus; see also *Abrams v. Am. Computer Technology*, 168 Ohio App.3d 362, 2006-Ohio-4032, 860 N.E.2d 123, at ¶ 19.

49. See *Kohmescher v. Kroger Co.*, 61 Ohio St.3d at 505, 575 N.E.2d 439; see also *Bullock v. Totes, Inc.* (Dec. 22, 2000), 1st Dist. No. C–000269, 2000 WL 1867400.

50. See id.

for UPS without serious disciplinary problems. After Meyer had returned from a two-month injury leave, UPS disciplined Meyer on his second day at work. Genuine issues remained concerning whether Meyer was provided with sufficient training on his new route and whether he had been given training on a new computer system. Meyer had been replaced by a 23– or 24–year–old employee. In light of comments made by Meyer's managers to others regarding Meyer's veteran status at UPS and the advantages of terminating older employees, Meyer established a prima facie case of age discrimination, and genuine issues of material fact remained concerning whether UPS's proffered justification for Meyer's discharge was a pretext.

{¶ 66} The trial court properly denied summary judgment. The fourth assignment of error is overruled.

### Trial and Posttrial Assignments of Error

{¶ 67} Our resolution of the second assignment of error renders moot UPS's third, sixth, seventh, and eighth assignments of error, in which it challenges the jury instructions and various evidentiary rulings that were made during trial, and we, therefore, do not address them.[51]

{¶ 68} UPS's ninth assignment of error, that the trial court erred in awarding prejudgment interest, is sustained but only on the basis that without a valid judgment in his favor on the merits "for the payment of money rendered in a civil action," Meyer was not entitled to prejudgment interest.[52]

### Conclusion

{¶ 69} Having overruled UPS's first, fourth, and fifth assignments of error, we do not disturb the trial court's entries ruling that Meyer's age-discrimination claim was not barred by the statute of limitations or by a prior arbitration, and that UPS was not entitled to summary judgment on that claim or on the retaliation claim. Having sustained UPS's second assignment in part, we reverse the trial court's judgment entered on the jury verdicts for Meyer and its award of prejudgment interest, and we remand this cause for further proceedings consistent with law and this opinion.

Judgment reversed
and cause remanded.

SUNDERMANN, P.J., and HENDON, J., concur.

---

51. See App.R. 12(A)(1)(c).

52. R.C. 1343.03(C).