DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Brian Herron, appeals the decision of the Summit County Court of Common Pleas, which granted summary judgment in favor of appellees, DTJ Enterprises, Inc. ("DTJ") and Cavanaugh Building Corporation ("Cavanaugh"). This Court affirms.
 I. {¶ 2} Appellant was initially hired by Cavanaugh as an apprentice carpenter in 1992. In September 2001, appellant was injured on the job while unloading a desk from a truck. Appellant then applied for workers' compensation benefits on or about October 4, 2001. Appellant received workers' compensation benefits from October 4, 2001, until January, 2002. DTJ paid appellant's salary from January 2002, until he returned to work at DTJ on April 9, 2002. Appellant worked for DTJ until his employment was terminated on May 14, 2002.
 {¶ 3} Appellant filed a complaint in the Summit County Court of Common Pleas alleging workers' compensation retaliation in violation of R.C. 4123.90 and wrongful discharge in violation of public policy. Appellees jointly moved for summary judgment. Appellant filed a memorandum in opposition and appellees responded. The trial court granted appellees' motion for summary judgment, and appellant timely appealed, setting forth three assignments of error for review. The assignments of error have been rearranged to facilitate review.
 II. {¶ 4} Each of appellant's three assignments of error is premised upon the trial court's erroneous grant of summary judgment in favor of appellees. This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948.
 {¶ 5} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated;
(2) the moving party is entitled to judgment as a matter of law; and
(3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 6} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 292. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. at 292-293. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v. Henkle (1991), 75 Ohio App.3d 732,735.
 {¶ 7} In their joint motion for summary judgment, appellees relied upon the affidavits of the companies' respective presidents, appellant's First Report of Injury ("FROI"), and appellant's deposition transcript. Based upon the above, appellees asserted that appellant was not an employee of Cavanaugh. In addition, appellees asserted that appellant failed to prove that there was a retaliatory motive behind his discharge from DTJ.
 {¶ 8} Appellant responded to the motion for summary judgment, relying upon much of the same information as appellees. In addition, appellant attached various work-related documents that contain both appellant's and Cavanaugh's names on them in an attempt to prove that he was employed by Cavanaugh. Ultimately, the trial court concluded that no genuine issue of material fact remained and granted judgment in favor of appellees.
 THIRD ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN RULING THAT APPELLEE, CAVANAUGH BUILDING CORPORATION, SHOULD BE GRANTED SUMMARY JUDGMENT ON THE GROUNDS THAT IT IS NOT THE EMPLOYER OF APPELLANT BECAUSE THERE IS SUFFICIENT EVIDENCE THAT THE APPELLANT WAS WORKING FOR THE APPELLEE AT THE TIME OF HIS DISCHARGE FROM EMPLOYMENT."
 {¶ 9} In his third assignment of error, appellant claims that the trial court erred in granting summary judgment in favor of Cavanaugh after concluding that Cavanaugh was not appellant's employer. This Court disagrees.
 {¶ 10} R.C. 4123.01(A)(1)(b) defines "employee" as: "[e]very person in the service of any person, firm, or private corporation[.]"
 {¶ 11} In its motion for summary judgment, Cavanaugh argued that it should be awarded summary judgment because appellant was not employed by Cavanaugh at the time of his discharge. To support its argument, Cavanaugh attached the affidavits of Michael Cavanaugh, President of Cavanaugh, and David Cavanaugh, President of DTJ, and appellant. Both Michael and David Cavanaugh testified that appellant's employment with Cavanaugh ended in July 1997, at which time he was hired by DTJ.
 {¶ 12} In his memorandum in opposition to Cavanaugh's motion for summary judgment, appellant refers to numerous work-related documents that contain both his and Cavanaugh's names on them. While the documents appear to support his argument that he was employed by Cavanaugh at the time of his termination, his own testimony leads to a different conclusion. At his deposition, appellant stated that he was hired by DTJ in 1997, employed by DTJ at the time he was injured, that he turned in the FROI to the DTJ office, that he received paychecks from DTJ during the period from January 2002 to April 9, 2002, (when he had stopped receiving checks from the Bureau of Workers' Compensation), and that he received paychecks from DTJ from the time he resumed employment on April 9, 2002, through May 14, 2002.
 {¶ 13} After reviewing the record, this Court concludes that, at the time of his discharge, appellant was employed by DTJ and not by Cavanaugh. Consequently, appellant's third assignment of error is overruled.
 FIRST ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON APPELLANT'S FIRST CAUSE OF ACTION ALLEGING RETAILATORY DISCHARGE PROHIBITED BY OHIO REVISED CODE SECTION4123.90 BECAUSE THERE IS A GENUINE ISSUE OF MATERIAL FACT."
 {¶ 14} Appellant argues in his first assignment of error that the trial court erred in granting summary judgment in favor of Cavanaugh and DTJ[1] with regards to his claim of retaliatory discharge. This Court disagrees.
 {¶ 15} R.C. 4123.90 provides, in relevant part:
"No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer."
 {¶ 16} In order to prevail on a claim of retaliatory discharge, the employee must first prove a prima facie case of discrimination under R.C. 4123.90. Green v. Burton RubberProcessing, Inc. (Dec. 11, 1998), 11th Dist. No. 97-G-2102. The employee must prove that (1) he sustained an injury on the job; (2) he filed a workers' compensation claim; and (3) his discharge was "in contravention of R.C. 4123.90." Id.; see, also, Wilsonv. Riverside Hosp. (1985), 18 Ohio St.3d 8, syllabus.
"If the employee makes a prima facie case, the burden shifts to the employer to set forth a nondiscriminatory reason for the discharge. * * * [T]he burden does not require the employer to prove the absence of a retaliatory discharge. It merely requires the employer to set forth a legitimate, nonretaliatory reason for the employee's discharge. The employer does not have to validate this reason.
"Finally, if the employer sets forth a legitimate, nonretaliatory reason, the burden once again shifts to the employee. The employee must then establish that the reason articulated by the employer is pretextual and that the real reason for the discharge was the employee's protected activity under the Ohio Workers' Compensation Act. (Citations omitted, alterations sic.) Turton v. York Internatl. (Oct. 4, 2000), 9th Dist. No. 00CA007539, quoting Kilbarger v. Anchor Hocking GlassCo. (1997), 120 Ohio App.3d 332, 338.
 {¶ 17} "While the burden of going forward with evidence may shift between the employee and the employer in these types of cases, the employee will always retain the ultimate burden of proof [or persuasion] in an action filed under R.C. 4123.90."Mayle v. Ravenna Aluminum (Nov. 5, 1999), 11th Dist. No. 98-P0-103, unreported.
 {¶ 18} In the case at bar, DTJ does not argue that appellant failed to establish a prima facie case. Appellant does not contend that DTJ failed to set forth legitimate, nonretaliatory reasons for his discharge but instead argues that the reasons were pretextual and that the real reason for his discharge was his pursuit of a workers' compensation claim. Therefore, this Court will only address this third prong.
 {¶ 19} When considering whether a proffered reason is pretextual, most Ohio courts apply a "before and after" test, comparing the employee's situation before and after the filing of a workers' compensation claim. Fouts v. Seven-Up Bottling Co. ofCleveland (Aug. 9, 1989), 9th Dist. No. 88CA004448. "Factors taken into consideration include such punitive action as bad performance reports surfacing immediately after a workers' compensation claim was filed, the length of time between the filing of a claim and discharge, changes in salary level, hostile attitudes emerging, and whether legitimate reasons exist for the discharge." Id., quoting Hohn v. Deco Tools, Inc. (Jan. 23, 1987), 6th Dist. No. L-86-119.
 {¶ 20} After reviewing the record, this Court finds that appellant failed to establish that the reason DTJ gave for his discharge was pretextual and that the real reason for his discharge was the fact that he filed a workers' compensation claim.
 {¶ 21} In its motion for summary judgment, DTJ claimed that appellant was discharged due to the fact that DTJ had a lack of work available for appellant. David P. Cavanaugh, President of DTJ, testified through deposition that appellant was not terminated from his employment with DTJ because he filed or otherwise pursued benefits from workers' compensation, but because of a lack of work at DTJ. Mr. Cavanaugh testified that appellant was terminated from his employment at DTJ on May 14, 2002. Specifically, Mr. Cavanaugh testified that, due to the nature of appellant's injury, he had a diminished ability to perform the tasks required of him as a carpenter following his injury.
 {¶ 22} In his memorandum opposing DTJ's motion for summary judgment, appellant offered two reasons why he believed that DTJ's justification for terminating his employment with DTJ was pretextual: (1) appellees told him that he would not be rehired; and (2) appellees had other jobs in progress. This Court finds that the evidence presented by appellant does not support his argument that DTJ's reason for his termination from employment was pretextual.
 {¶ 23} First, this Court notes that DTJ did not have an obligation to rehire appellant after his termination as an employee. However, if such an obligation did exist, appellant offered no evidence to substantiate the claim that DTJ employees told him that he would not be rehired. Appellant did not testify as to who specifically made comments to him regarding the possibility of his returning to work at DTJ. When questioned during the taking of his deposition as to what he was told upon his termination, appellant replied that his supervisor, Brian Kellogg, gave him his last check on May 11, 2002, at the job site, and said: "Here's your last check, they're letting you go." When asked whether he was given any other reasons for his termination, appellant responded: "I don't think so, no."
 {¶ 24} Second, this Court finds that appellant's assertion that the fact that DTJ had jobs in progress at the time his employment was terminated is unsupported by the evidence. The work records offered into evidence by appellant establish that Cavanaugh had jobs in progress at the time of appellant's discharge. As this Court has found that Cavanaugh and DTJ are separate entities, this evidence does not support the conclusion that DTJ had jobs in progress as well. Therefore, they do not support appellant's argument.
 {¶ 25} Appellant also referred to employee hire-fire lists to support his claim that DTJ's reason for his discharge was pretextual. However, a review of these records does not reveal whether these other employees were of the same job classification as appellant. Furthermore, there is no evidence that DTJ had a system by which appellant would have been afforded priority over other less senior carpenters at times when DTJ experienced a reduction in work.
 {¶ 26} Having found that appellant failed to prove that DTJ's reason for his discharge was pretextual, appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT AGAINST THE APPELLANT'S WRONGFUL DISCHARGE CLAIM BASED ON A VIOLATION OF PUBLIC POLICY BECAUSE THERE IS A GENUINE ISSUE OF MATERIAL FACT."
 {¶ 27} In his second assignment of error, appellant argues that the trial court erred in appearing to grant summary judgment in favor of appellees with respect to his claim that his discharge was a violation of public policy. Upon review of the record, this Court determines that it lacks jurisdiction to entertain appellant's second assignment of error.
 {¶ 28} While this Court recently addressed this issue inCoon v. Technical Constr. Specialties, 9th Dist. No. 22317,2005-Ohio-4080, we do not have jurisdiction to address it in the present matter. A review of the trial court's journal entry reveals that the trial court did not enter judgment with regard to this claim. Therefore, this Court lacks jurisdiction to rule upon the issue.[2]
 III. {¶ 29} Appellant's first and third assignments of error are overruled. This Court declines to address appellant's second assignment of error. The decision of the Summit County Court of Common Pleas is affirmed and the matter is remanded to the trial court for proceedings consistent with this opinion.
Judgment affirmed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Slaby, P.J., Whitmore, J., concur.
[1] As this Court found that appellant was not employed by Cavanaugh, we will only address appellant's first assignment of error as it pertains to DTJ.
[2] To be clear, however, the trial court did enter judgment with respect to the claims challenged in appellant's first and third assignments of error. In addition, the court did include the language required by Civ.R. 54(B), thus giving this Court jurisdiction over appellant's first and third assignments of error.