DECISION. *Page 2 
{¶ 1} Helen and Price Gallagher sued Robert Frohman after he terminated Helen's employment. The Gallaghers argued that Frohman had fired Helen in retaliation for her filing a workers' compensation claim. (Because the Gallaghers have the same last name, we use their first names.) The trial court granted summary judgment for Frohman. We affirm.
 I. The Injury and the Aftermath {¶ 2} Frohman hired Helen in 2002 to do administrative work in his office. In January 2005, Helen fell on a patch of ice in the parking lot and broke her kneecap. Helen filed a claim with the Bureau of Workers' Compensation about three months later. A few months later, Helen added a new condition to her previous kneecap claim — reflex sympathetic dystrophy ("RSD"). Frohman did not dispute either claim.
 {¶ 3} Helen had surgery on March 6, 2006, to implant a permanent pain pump to relieve the RSD. Helen had discussed the procedure with Frohman before March 6 and had told him that she did not know how long she would be away from work. (She had been absent for two days previously following a procedure to install a temporary pump.)
 {¶ 4} On March 6, Price called Frohman to tell him that the surgery had gone well. On two occasions after that, Price wrote letters to Frohman. Helen called twice in early March and left voice-mail messages. One of these messages informed Frohman that all contact from her during her time off would be through her lawyer. From March 6 until April 14, Helen did not have any conversations with Frohman. (She had left two voice messages, neither stating her return date.) Frohman and another co-worker had contacted Helen, but she did not answer the calls. *Page 3 
 {¶ 5} For over six weeks, Helen did not contact Frohman to tell him when — or if — she planned to return to work. Helen later said that her attorney had advised her to have no contact with Frohman.
 {¶ 6} On April 11, Frohman learned that Helen had completed an application for temporary total disability compensation. The form listed her return date as April 6. At this time, Frohman had still not heard from Helen.
 {¶ 7} Frohman and Helen finally spoke on the phone on April 14, a Friday. The following Monday, Frohman fired Helen, reasoning that she had abandoned her job.
 {¶ 8} Helen and Price sued, claiming that Frohman had fired her in retaliation for the workers' compensation claim, and that Helen had suffered emotional distress due to the way that Frohman had handled the situation. There were also several other claims.
 II. Assignments of Error and Law {¶ 9} On appeal, the Gallaghers assert that the trial court erred by (1) granting summary judgment because genuine issues of material fact existed; (2) dismissing the entire case because the court did not adjudicate all the Gallaghers' claims; and (3) determining that Helen was an employee at will.
 {¶ 10} We review the trial court's grant of summary judgment de novo.[1] The trial court properly granted summary judgment to Frohman if (1) there were no genuine issues of material fact; (2) Frohman was entitled to judgment as a matter of law; and (3) when construing the evidence most strongly in favor of the Gallaghers, reasonable minds could have found only in Frohman's favor.[2] *Page 4 
 {¶ 11} An employer may not legally discharge an employee for pursuing a workers' compensation claim.[3] We analyze retaliatory-discharge claims under a burden-shifting approach.[4] In this case, the Gallaghers first had to establish a prima facie case of retaliation. If they had succeeded, the burden would have shifted to Frohman to articulate a legitimate nonretaliatory reason for Helen's discharge. If Frohman had done so, Helen would have had to prove that Frohman's reason was a pretext and that she was fired because she had pursued a workers' compensation claim.
 III. No Showing of Pretext {¶ 12} It is unnecessary to determine whether the Gallaghers established a prima facie case of retaliatory discharge, because they failed to show that Frohman's stated reason for firing her was a pretext. Although Frohman displayed some questionable behavior after Helen had refused to contact him, he articulated a legitimate, nonretaliatory reason for firing Helen: she had abandoned her position and had not communicated to him when she would return.
 {¶ 13} The Gallaghers failed to show that Frohman's reason for firing her was a pretext. Frohman fired Helen for a legitimate reason — she had gone over six weeks without having a conversation about her job status with her boss. He did not fire her for missing work. He fired her because she had refused to tell him when or whether she ever planned to return to work.
 {¶ 14} Helen claims that her attorney had instructed her not to contact Frohman. But bad advice from an attorney did not excuse Helen's failure to communicate with her boss. Is an employer supposed to hold open a job indefinitely, *Page 5 
not knowing when — or even if — the employee is returning to work? We think not. This assignment of error is overruled.
 IV. Employee at Will and Remaining Claims {¶ 15} Unless a different relationship is proved, employment relationships in Ohio are at-will: "the employee agrees to perform work under the direction and control of the employer, and the employer agrees to pay the employee at an agreed rate. Moreover, either an employer or an employee in a pure at-will employment relationship may legally terminate the employment relationship at any time and for any reason."[5]
 {¶ 16} The Gallaghers argue that Frohman made employment promises that trumped the employment-at-will principle. Not so. Nothing in the record reflects that any promises were made to Helen that would have changed her employee-at-will status. The Gallaghers' third assignment of error is overruled.
 {¶ 17} Finally, the Gallaghers claim that not all of their claims were disposed of by the summary judgment. But the entry dismissing the case on summary judgment stated, "Accordingly, summary judgment is hereby granted as to all of plaintiffs' claims, which are hereby dismissed." The second assignment of error has no merit.
 {¶ 18} Therefore, we affirm the trial court's judgment in all respects.
Judgment affirmed.
HILDEBRANDT, P.J., and CUNNINGHAM, J., concur.
[1] Comer v. Risko, 106 Ohio St.3d 185, 2005-Ohio-4559,833 N.E.2d 712, at ¶ 8.
[2] Horton v. Harwick Chemical Corp. (1995), 73 Ohio St.3d 679,686-687, 1995-Ohio-286, 653 N.E.2d 1196.
[3] R.C. 4123.90.
[4] Young v. Stelter Brinck, Ltd., 174 Ohio App.3d 221,2007-Ohio-6510, 881 N.E.2d 874, at ¶ 20-21.
[5] Lake Land Employment Group of Akron, LLC v. Columber,101 Ohio St.3d 242, 2004-Ohio-786, 804 N.E.2d 27, at ¶ 17. *Page 1